CRIMSWAL REALTY CORPORATION, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 40928.)

Third Department, May 1, 1967.

*Louis J. Lefkowitz, Attorney-General* (*Ruth Kessler Toch* and *Seth Towse* of counsel), for appellant-respondent.

*David Marcus* and *William S. Gray* for respondent-appellant.

HERLIHY, J.  The claimant in 1954 purchased the property in question, which had frontage of approximately 781 feet on Route 52 and approximately 813 feet on what was formerly Route 52, the property being half-moon in shape and consisting of some

0.910 acre. The appropriation took place in 1961. The taking consisted of about 0.570 acre, which included 504 feet on Route 52 and a gasoline station built by the claimant after the purchase of the property and under lease to a gasoline company, constituting the entire easterly portion of the premises. The westerly portion of the premises, not taken, was under lease to an ice cream company. The center was vacant and unimproved, a substantial portion thereof adjacent to the filling station being appropriated.

The court found the best use of the land before and after the appropriation was for commercial purposes, a holding which is not in dispute.

The State contends that the proof offered by the claimant as to the value of the unimproved property was speculative and disputes the method of appraisal adopted and the resulting figure of land value applicable to the entire parcel.

The claimant's expert found the before value of the property to be $96,500, the after value $23,500; the State's expert found the before value to be $45,000, the after value $11,100. The court found the before value to be $69,108, the after value $21,541, and made an award of $47,567.

The claimant's expert witness could find no truly comparable sales and as a result he used an opinion approach to the land value of the entire parcel of property. The subject property was a single parcel of land having improvements on both the easterly and westerly portions and in the event of a sale, the claimant might have sold any portion thereof or all to a prospective purchaser and accordingly, the appraiser properly adopted a single land valuation. (Cf. *Conklin* v. *State of New York*, 22 A D 2d 481.) His theory was that the existing commercial uses on both sides of the vacant land would enhance the value of the unimproved land and that the land residual value of the existing improvements would have a direct bearing on the market value of the vacant land in the mind of a prospective purchaser. It is to be noted that his theory as to the effect of the existent land residual values is based on his actual experience with buyers of real property. He then testified that an examination of leases in any multi-tenanted commercial development shows that the first rentals (leases) are generally less per square foot than subsequent leases because of the need to obtain business activity in the parcel of land. Based upon actual land residual values for the gas station area of $1.60 and the ice cream area of $2.10 and his experience, he adopted the figure of $1.75 per square foot as the fair land value of the entire parcel.

To assume that the income producing improvements already located on the premises would not enhance the value of the non-productive center portion for commercial use is to ignore the obvious. The witness did not hypothesize either income or a capitalization rate for the unimproved land, but considered the actual income figures for the contiguous improved portions and treated the vacant land in the center as having the same potential use as the improved parcels and then adjusted his square foot value, taking into consideration that part of the whole was unimproved. It is not disputed in this record that the vacant and the improved areas were for all intents and purposes part of one tract of land with characteristics and potential uses sufficiently alike to permit the appraiser to apply a single square foot land value to all of the property as a whole and this must have been considered by the court in arriving at its values when reference is made to a viewing of the property.

From all of the testimony of the claimant's witness it appears that he was utilizing the existing land residual values only for the purpose of arriving at the value which a willing seller and buyer would place upon this land. Upon the facts and circumstances of this case, we cannot say that the opinion of this witness was based upon pure speculation. (Cf. *Levitin* v. *State of New York,* 12 A D 2d 6; *Wer Realty* v. *State of New York,* 26 A D 2d 732.)

In *Levitin* v. *State of New York (supra)*, this court found the method of evaluation improper and speculative, being entirely dependent upon the profits of a nonexistent business. There was no reasonable basis in fact from the evidence produced in support of that claim that the addition to the motel would be built at all, but that is not the present situation. Here, the evidence as to the partial development of the property constituted a reasonable basis in fact to support the testimony of the claimant's witness in arriving at the over-all land value.

In *Levin* v. *State of New York* (13 N Y 2d 87, 92–93) the court observed: "The Court of Claims quite obviously did not accept either the evidence of claimants or that of the State at face worth but fixed a market value well within the range of the testimony." Here, the appraisals in evidence and the testimony of both witnesses at the trial were of unusually high caliber and the court in its opinion clearly outlined the elements on which it based its award. The land value which the State objects to as speculative was determined by the court, based upon viewing of the property and considering all the evidence concerning such value. (Cf. *Hazard Lewis Farms* v. *State of New York,* 1 A D 2d 923; *Vircillo* v. *State of New York,* 24 A D 2d 534.)

353

The State offered comparable sales and the record indicates that the court considered this evidence but, very properly, did not accept some of the sales. The fact is that the court did not *in toto* rely upon the valuations offered by either party, but after viewing the premises and considering all of the evidence fixed the market value and resulting damage well within the range of the testimony, the land value per square foot as found by the claimant's expert being $1.75; the value by the State's expert being 20 to 50 cents, and the court's finding being $1.00. (See *Levin* v. *State of New York supra*.)

The claimant on its cross appeal contends that it is entitled to consequential damages as testified to by its expert, premised on the contention that the remaining vacant land after the appropriation was not of sufficient size to be of consequence. The denial of such damages, which we affirm, has a basis in the testimony offered by the State. The court in its consideration of all the testimony was under no legal compulsion to award such damages.

The judgment should be affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS, AULISI and STALEY, JR., JJ., concur in opinion per HERLIHY, J.

Judgment affirmed, without costs.